J-S17014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THEODORE LUKE KRZYWIECKI | : | |
| | : | |
| Appellant | : | No. 1331 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 30, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0001445-2020

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:            **FILED: June 7, 2023**

Theodore Luke Krzywiecki appeals from the judgment of sentence, entered in the Court of Common Pleas of Washington County, following his convictions of two counts of aggravated assault[1] and three counts of recklessly endangering another person.[2] Upon review, we affirm.

In light of our disposition, we provide only a brief recitation of the facts. Late in the evening of June 25, 2020, several minor boys were hanging out and decided to light some fireworks at a nearby construction site. The boys climbed a 30-foot high dirt mound, which was approximately 250 feet away from Krzywiecki's house. At some point, the boys began throwing stones down the hill towards Krzywiecki's home, Krzywiecki yelled at the boys, and

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), (4).

[2] *Id.* at § 2705.

the boys stopped and left the area. Nevertheless, Krzywiecki called the police and filed a report. A short time later, the boys returned and began throwing stones at the house again. Krzywiecki, now holding his .22 caliber Winchester long rifle, began taunting the boys calling them "bitches" and saying they throw like "girls." The boys continued to throw approximately 20 stones. None of the stones hit Krzywiecki or his home.

During this exchange, Krzywiecki fired four rounds from his Winchester at the boys; one of the rounds struck one of the boys in the buttocks. Krzywiecki's Winchester is a pump-action rifle that needs to be "pumped" following each shot in order to chamber another round into the rifle. After Krzywiecki struck one of the boys, the boys left the area and sought medical attention. During this time, Krzywiecki reloaded his firearm. Police responded and charged Krzywiecki with, *inter alia*, the above-mentioned offenses.[3]

On April 22, 2022, Krzywiecki proceeded to a non-jury trial, after which the trial court convicted him of the above-mentioned offenses and acquitted him of two counts of aggravated assault. The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report. On August 30, 2022, the trial court sentenced Krzywiecki to an aggregate term of 18 to 36 months' incarceration followed by two years of probation.

On September 9, 2022, Krzywiecki filed a post-sentence motion for reconsideration of his sentence. On September 13, 2022, the trial court

---

[3] Krzywiecki was also charged with attempted murder, which was later *nolle prossed*.

scheduled a hearing on Krzywiecki's post-sentence motion. On October 4, 2022, the trial court conducted a post-sentence motion hearing, after which, on October 12, 2022, the trial court denied Krzywiecki's post-sentence motion.

On November 14, 2022, Krzywiecki timely filed a notice of appeal.[4] Both Krzywiecki and the trial court complied with Pa.R.A.P. 1925.

Krzywiecki now raises the following claim for our review:

> Whether the evidence was insufficient to convict [Krzywiecki] of the two counts of [a]ggravated [a]ssault . . . where [Krzywiecki] did not have the requisite *mens rea* for either charge. Specifically, [Krzywiecki] did not act with intent, knowledge[,] or recklessness under circumstances manifesting extreme indifference to the value of human life (malice) for the purposes of [subsection] (a)(1). [Krzywiecki] did not act with intent or knowledge as to [subsection] (a)(4).

Brief for Appellant, at 4.

Despite the phrasing of his claim above, Krzywiecki's entire argument section in his brief claims that the trial court improperly acted as a "ballistics expert." ***See id.*** at 10-13. Krzywiecki asserts that the trial court made conclusions based on ballistics "that the evidence did not support," and found Krzywiecki not credible based upon those conclusions. ***Id.*** at 12-13.

_____

[4] Krzywiecki's notice of appeal was filed after the expiration of the 30-day time limit. ***See*** Pa.R.A.P. 903(a) (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). However, the 30th day, Friday, November 11, 2022, was Veterans Day, a court holiday which made the final date to appeal Monday, November 14, 2022. ***See*** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on . . . any day made a legal holiday by the laws of this Commonwealth or the United States, such day shall be omitted from the computation."). Accordingly, Krzywiecki's appeal is timely filed.

This claim does not sound in sufficiency, and it is unclear how it is related to the *mens rea* requirements of sections 2702(a)(1) and (4). Rather, it appears that Krzywiecki has abandoned his sufficiency challenge on appeal. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); **id.** at 925 ("[i]t is not the role of this Court to formulate [an a]ppellant's arguments for him."). Moreover, this claim was not preserved in Krzywiecki's Rule 1925(b) statement and we would find it waived on that basis as well.[5] **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, we are compelled to find this claim waived.

Judgment of sentence affirmed.

King, J., joins this Memorandum.

Olson, J., Concurs in the result.

_____

[5] The sole issue raised in Krzywiecki's Rule 1925(b) statement is identical to the one raised in his Statement of Questions Involved, quoted *supra* at 3. **See** Concise Statement of Errors Complained of on Appeal, 12/5/22, at 1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/7/2023